Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
*Attorneys for Defendant Amazon.com, Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

JESSICA HALPERN,                                     :

                                                     :     Civil Action No._____

                          Plaintiff,                 :

                                                     :

          -against-                                  :

                                                     :     **NOTICE OF REMOVAL**

AMAZON.COM, INC.,                                    :

                          Defendant.                 :     *(Document Electronically Filed)*

                                                     :

------------------------------------------------------------ x

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
        COURT FOR THE EASTERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(a),

Defendant Amazon.com, Inc. ("Amazon"), hereby removes the above-captioned action from the

Supreme Court of the State of New York, County of Nassau, to the United States District Court

for the Eastern District of New York, because there is complete diversity of citizenship and the

amount in controversy exceeds $75,000.

## I.     INTRODUCTION

This lawsuit involves a claim of personal injury allegedly caused by a Lutikiang Play yard

for Babies and Toddlers with Mat (the "Playpen") that Plaintiff Jessica Halpern purchased through

the Amazon.com store on December 15, 2022. Plaintiff filed this civil action captioned *Halpern v.*

*Amazon.com, Inc.*, Index No. 611992/2023, in the New York Supreme Court, Nassau County (the "State Court Action") on July 28, 2023. Plaintiff served a Summons and Complaint on Amazon on November 14, 2023. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A. The Complaint alleges that Plaintiff suffered serious and permanent personal injuries caused by the Playpen. [Complaint, ¶¶ 20-21.] Per a statement of damages served on December 22, 2023, Plaintiff seeks damages of $1,000,000.

## II.   THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff filed this action initially in federal court. Plaintiff and Amazon are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   Complete Diversity Exists Between the Parties

#### 1.   Plaintiff

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (citation omitted). "At any given time, a person has but one domicile." *Id.* (citation omitted). Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change. *Id.* "Although residence is not equivalent to domicile, it is, nonetheless, highly relevant to the issue of domicile." *Levy v. Suissa*, 2021 WL 2402240, at *5 (E.D.N.Y. March 19, 2021) (citations omitted). Indeed, "a party's residence at [the time the case is filed] is prima facie evidence of his domicile." *Id.* (citations omitted). Here, Plaintiff's Verified Complaint alleges that, "at all the times

mentioned herein, the plaintiff, JESSICA HALPERN, was and still is a resident of the County of Nassau and the State of New York." [Complaint, ¶ 1.] In addition, records indicate that: (a) Plaintiff has a New York State driver's license which lists a residential address in North Bellmore, Nassau County, New York; (b) she currently owns certain real property located in Oceanside, Nassau County, New York; and (c) she is registered to vote in Nassau County, New York. Accordingly, Plaintiff is a citizen of New York.

### 2.    Amazon.com, Inc.

A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Amazon.com, Inc. is a corporation that is organized under the laws of Delaware with its principal place of business in Seattle, Washington. Therefore, Amazon.com, Inc., is a citizen of Delaware and Washington.

Accordingly, because Plaintiff is a citizen of New York and Defendant Amazon is a citizen of Delaware and Washington, complete diversity exists.

### B.    The Amount in Controversy Exceeds $75,000

The amount in controversy requirement set forth in 28 U.S.C. § 1332 is satisfied because Plaintiff has alleged that her damages are $1,000,000.

In personal injury actions like the case at bar, New York does not permit a demand for a specific sum of damages to be made in the Complaint. *See* CPLR § 3017(c). While Plaintiff's Complaint does not allege a specific amount of damages, it claims that, as a result of Defendant's alleged acts or omissions, Plaintiff "require[d] extensive medical treatment" and "suffer[ed] severe and permanent injuries." [Complaint, ¶ 21.]

To confirm that the amount in controversy exceeds $75,000, on November 29, 2023, Amazon served Plaintiff with a CPLR § 3017(c) Supplemental Demand requesting that Plaintiff set forth the "total damages to which [she] deems herself entitled." Plaintiff responded to the CPLR § 3017(c) Supplemental Demand on December 21, 2023 and claimed damages of $1,000,000. [Exhibit B.]

Accordingly, based upon Plaintiff's response to the CPLR § 3017(c) Demand, and the allegations in the Complaint, it is clear the matter in controversy exceeds $75,000.

## III.  SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

"[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see also* 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

Amazon was served with the Summons and Complaint on November 14, 2023. In accordance with CPLR § 3017(c), the Complaint does not allege a specific claim for damages. Therefore, on November 29, 2023, Amazon served Plaintiff's counsel with a CPLR § 3017(c) Supplemental Demand for Plaintiff to set forth her alleged damages. On December 22, 2023, Plaintiff served her response to Amazon's CPLR § 3017(c) Supplemental Demand, which for the first time set forth Plaintiff's claimed damages. [Exhibit E.] A response to a CPLR § 3017(c) Supplemental Demand qualifies as an "other paper" to establish the amount in controversy. *Moltner*, 624 F.3d at 38; *see also Sabino v. Otis Elevator Company*, 548 F. Supp.3d 311, 312 (E.D.N.Y. 2021) ("All a defendant has to do is serve a C.P.L.R. § 3017(c) demand. And they will

not be late in removing as long as they do it within 30 days of receiving a response that shows the $75,000 jurisdictional minimum is met.") This Notice of Removal is being filed within 30 days of Amazon being served with the response to the CPLR § 3017(c) Supplemental Demand. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B).

## IV.    VENUE OF REMOVED ACTION

The United States District Court for the Eastern District of New York is the United States District Court embracing the New York Supreme Court, Nassau County, where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441(a).

## V.    NOTICE TO OTHER PARTIES AND TO THE STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New York Supreme Court, Nassau County, where this case was originally filed and is currently pending.

WHEREFORE, Defendant Amazon.com, Inc., pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the Action in its entirety from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York.

Dated: January 12, 2024

Respectfully submitted,

Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000

*Attorneys for Defendant Amazon.com, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 12, 2024, I caused a copy of Defendant Amazon.com,

Inc.'s Notice of Removal to be served by first class mail on the following parties:

> Jonathan D. Mandell, Esq.
> Law Offices of Jonathan D. Mandell
> 29 Broadway
> Lynbrook, New York 11563
> Attorneys for Plaintiff

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.

ANDREW W. SCHWARTZ

Dated:  January 12, 2024

# EXHIBIT A

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 611992/2023

RECEIVED NYSCEF: 07/28/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

Date Filed: 7/28/23

-----------------------------------------------------------------X

JESSICA HALPERN,

            Plaintiff,

Index No.: 611992/ 2023

            -against-

**Summons**

AMAZON.COM, INC.,

Plaintiff designates Nassau County as the place of trial.

            Defendant.

*The basis of the venue designated is* Plaintiff, Jessica Halpern's Residence at 276 Arch St Oceanside N.Y 11572

-----------------------------------------------------------------X

*To the above named defendant:*

**You Are Hereby Summoned** to answer the complaint in this action and to serve a copy

of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the complaint.

Dated: Lynbrook, New York
            July 26, 2023

JONATHAN D. MANDELL
LAW OFFICES OF JONATHAN D. MANDELL
Attorney for Plaintiff Jessica Halpern
29 Broadway
Lynbrook, New York 11563
(516) 599-8833

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 611992/2023

RECEIVED NYSCEF: 07/28/2023

**TO:**
**Defendants Address:**

AMAZON.COM, INC.
410 Terry Avenue, N
Seattle, WA 98109

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 611992/2023

RECEIVED NYSCEF: 07/28/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
JESSICA HALPERN,

Index No.: 611992/2023

Plaintiff,

**VERIFIED
COMPLAINT**

-against-

AMAZON.COM, INC,

Defendant.
-----------------------------------------------------------------X

Plaintiff complaining by her attorney, LAW OFFICES OF JONATHAN D.
MANDELL, does hereby allege as follows:

FIRST:                          That at all the times mentioned herein, the plaintiff,
JESSICA HALPERN, was and still is a resident of the County of Nassau and State of New
York.

SECOND:                    That at all the times mentioned herein, the defendant,
AMAZON.COM. INC was and still is a foreign corporation duly licensed and operating
under the laws of the State of New York with a principal place of business located at 410
Terry Ave N., Seattle, Washington 98109 with a New York City office located at 7 West
34th Street, New York, New York.

THIRD:                       At all times hereinafter mentioned, the Defendant
AMAZON.COM, INC., operated an online marketplace for consumers at : Amazon.com,
that includes listings for consumer products, as that term is defined at Section 3(a)(5) of the
Consumer Product Safety Act and 15 U.S.C 2052(a)(5). See, In the Matter of Amazon.com,
Inc., Docket no. 21-2, Complaint issued by the United States of America Consumer Product
Safety Commission.

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 611992/2023

RECEIVED NYSCEF: 07/28/2023

FOURTH:              Through the website Amazon.Com, defendant Amazon offers an e-commerce marketplace in which Amazon and its users can connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels. Id at 8

FIFTH:              That at all the times mentioned herein, upon information and belief, the defendant, AMAZON.COM, INC., was in the business of marketing, promoting, selling, distributing, delivering and otherwise placing into the stream of commerce, "hundreds of millions of unique products," including but not limited to LUTIKIANG Play yard for Babies and Toddlers with Mat, Safety Extra Large Baby Fence Area, Indoor & Outdoor Kids Activity Play Center with Anti-Slip Suckers and Zipper Gate in the State of New York and elsewhere (hereinafter "Playpen", "Product") purchased by plaintiff.

SIXTH:              According to Amazon's order tracking details for the Product purchased by plaintiff, the Product was allegedly sold by LUTIKIANG, a name an Amazon seller with no meaningful identification.

SEVENTH:              According to Amazon's seller information, LUTKIANG-US has a business address listed only in Chinese Postal code 523073 – Dongguan, Guangdong.

EIGHTH:              Upon information and belief, Amazon's marketing of the Product is deceptive and intentionally misleads consumers by using words and phrases such as "A 150-pound adult can lean on it and will not move the fence" and "safe" in describing the Product in order to lure consumers into believing the Produce is safe and without risk, which it is neither.

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM   INDEX NO. 611992/2023
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 07/28/2023

NINTH:                     Upon information and belief, there is nothing written on the Product box or any accompanying literature or on Amazon's website to warn consumers that the product is dangerous and unfit for the purpose intended, and the arms on the playpen can snap causing injury, fracture, scarring and other harm.

TENTH:                     Defendant Amazon had notice of the dangerous condition of the Product due to the number of reviews on their website indicating the Product's defectiveness and numerous injuries to customers.

ELEVENTH:                  Upon information and belief despite knowing that the Product caused injuries, defendant Amazon continued to market, sell and distribute the Product for profit.

TWELFTH:                   Upon information and belief, Amazon did not perform any testing on the Product, prior to marketing, promoting, selling, distributing it to the public including the plaintiff.

THIRTEENTH:                On or about prior to December 15, 2022, plaintiff ordered Product from defendant, Amazon's website.

FOURTEENTH:                The said product was delivered shortly thereafter to Plaintiff.

FIFTEENTH:                 Plaintiff paid Amazon.com the sum of $139.99 to purchase product.

SIXTEENTH:                 Plaintiff reasonably believed that she was purchasing the Product from defendant Amazon as the seller because she ordered it from their website and paid them for the Product.

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM    INDEX NO. 611992/2023
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 07/28/2023

SEVENTEENTH:                    The said product was delivered shortly thereafter to the Plaintiff.

EIGJTEENTH:                    On or about December 15, 2022, plaintiff used the Product in accordance with the purported packaging instructions.

NINETEENTH:                    Plaintiff followed all instructions on the Product packaging and labels.

TWENTIETH:                    While attempting to enter the playpen where her toddler was situated, the arms of the playpen snapped and caused plaintiff serious injury.

TWENTY-FIRST:                    While plaintiff was making use of the Product as aforesaid in a manner intended and anticipated by the defendant, the Product malfunctioned and broke, causing plaintiff to require extensive medical treatment and to suffer severe and permanent injuries.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT AMAZON.COM.INC. (STRICT LIABILITY)

TWENTY-SECOND:                    Plaintiff repeats, reiterates and realleges each of the foregoing allegation with the same force and effect as if more fully set forth at length herein.

TWENTY-THIRD:                    The arms of the playpen were improperly designed, manufactured, fabricated, tested, labeled, inspected, marketed, distributed, monitored, promoted and sold by defendant.

TWENTY-FOURTH:                    The Product was defective and unreasonably dangerous when the defendant placed it into the stream of commerce because it was

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 611992/2023
RECEIVED NYSCEF: 07/28/2023

advertised to be safe and instead the arms of the playpen broke, causing serious injury to the plaintiff when used as intended.

TWENTY-FIFTH:            Despite due notice and actual knowledge of the defective Product and the imminent risk of harm said defect posed to consumers defendant purposefully concealed said defect, reused/failed to notify customers, failed to recall the Product and continued to market, sell and distribute the defective Product to consumers including but not limited to plaintiff.

TWENTY-SIXTH:            Notwithstanding the foregoing due notice, defendant intentionally concealed such information, failed to provide adequate warnings to instructions concerning the Product and continued to consistently market the Product as having "A 150-pound adult can lean on it and will not move the fence."

TWENTY-SEVENTH:            The defects in the Product were a proximate cause of the damages suffered by plaintiff.

TWENTY-EIGHTH:            As a result of the defendant's negligent, willful, wanton, malicious, and reckless conduct, while using the Product as intended, plaintiff was caused to suffer severe and permanent personal injuries, including, but not limited to, fracture and scarring on the ankle and plaintiff has been otherwise damaged all of which damages are permanent in nature and continuing into the future.

TWENTY-NINTH:            By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

THIRTIETH:            The conduct of defendant was willful, wanton, malicious, reckless, and in such disregard for the consequences as to reveal a conscious

indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

### AS ANF FOR A SECOND CAUSE OF ACTION AS AGAINST DEFENDANT AMAZON.COM,INC. (BREACH OF WARRANTY)

THIRTY-FIRST:                         Plaintiff repeats, reiterates and realleges each of the foregoing allegation with the same force and effect as if more fully set forth at length herein.

THIRTY-SECOND:                         The defendant warranted and represented, both expressly and impliedly, that the Product was reasonably safe, fit for its intended purpose and reasonably foreseeable use and of merchantable quality. See, UCC Section 2-314 and 2-315.

THIRTY-THIRD:                         Plaintiff relied upon the skill and judgment of the defendant and upon the aforesaid warranties and representations and expected that the Product was reasonably safe and fit for the purpose for which it was intended.

THIRTY-FOURTH:                         The defendant's representations and warranties were false and misleading and were breached because the Product was defective, hazardous, dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, not merchantable quality and did not meet the expectations of consumers, including plaintiff.

THIRTY-FIFTH:                         That, in fact, the Product was not fit for the purpose for which it was intended, the Product was defective and not properly formulated; it was not properly prepared; used improper and inferior materials; was of inferior quality; was

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM
NYSCEF DOC. NO. 1

INDEX NO. 611992/2023
RECEIVED NYSCEF: 07/28/2023

not properly inspected prior to be manufactured or sold; failed to contain proper and adequate warnings.

THIRTY-SIXTH            Thus, the defendant breached their express and implied warranties.

THIRTY-SEVENTH:            The defendant's breaches were a proximate cause of the damages suffered by the plaintiff as set forth above.

THIRTY-EIGHTH:            By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

THIRTY-NINTH:            The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

### AS ANF FOR A THIRD CAUSE OF ACTION AS AGAINST DEFENDANT AMAZON.COM.INC. (NEGLIGENCE)

FORTY:            Plaintiff repeats, reiterates and realleges each of the foregoing allegation with the same force and effect as if more fully set forth at length herein.

FORTY-FIRST:            The defendant was reckless, careless and negligent in designing, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, and selling the Product; in marketing and selling a Product which injured and scarred the plaintiff; in causing and failing to prevent injuries from the Product; in falsely advertising the purported safety of the Product; in falsely advertising the purported safety of the Product; in failing to convey the risks of the Product that it would cause lacerations, scarring, and permanent disfigurement; in conveying false benefits of the

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 611992/2023

RECEIVED NYSCEF: 07/28/2023

Product to be safe; in deceptively and falsely advertising, promoting and stating that Product was safe to mislead consumers without disclosing or warning of any potential risks; in launching a force or instrument of harm; in violating all applicable statutes, rules and regulations; in failing to remove the Product from defendant's website despite actual knowledge of its dangers; in marketing and selling a defective product despite being on actual notice of its dangers; and defendant was otherwise, reckless, careless and negligent.

FORTY SECOND:          The defendant was aware of the defects and dangers caused by the product through numerous other incidents, public message board postings, customer complaints, reports and other sources but negligently failed to take the appropriate steps to redesign or remove the Product from Amazon's website and defendant continued to market and sell the Product even after being put on notice of serious injuries resulting from use of the Product.

FORTY THIRD:          The defendant failed to warn that the Product was of inferior quality, dangerous and could cause serios harm; created a dangerous condition; and failed to recall or remove the Product from its website even after receiving numerous reports of personas being injured due to this Product.

FORTY-FORTH:          The defendant's negligence was a proximate cause of the damages suffered by plaintiff.

FORTY-FIFTH:          The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of serios bodily injury and merits the imposition of punitive damages in addition to actual damages.

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO. 611992/2023

RECEIVED NYSCEF: 07/28/2023

**WHEREFORE,** plaintiff demands judgment against the defendant to recover for all of her damages against the defendant in an amount, on each cause of action, that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction including punitive damages, all together with the costs and disbursements of this action.

Dated: Lynbrook, New York
July 26, 2023

Yours, etc.

LAW OFFICE OF JONATHAN D. MANDELL
Attorneys for Plaintiff
29 Broadway
Lynbrook, New York 11563
(516) 599-8833

## CLIENT VERIFICATION

STATE OF NEW YORK )
                ) SS.:
COUNTY OF NASSAU )

I, Jessica Halpern, being duly sworn deposes and says:

That I am the plaintiff in the within action.

That I have read the foregoing Summons & Verified Complaint and know the contents thereof; the same is true and to my own knowledge, except as to the matters therein stated to as alleged on information and belief, and as to those matters I believe it to be true.

JESSICA HALPERN

Sworn to before this
    day of July, 2023

NOTARY PUBLIC

KERRY A BURNS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU0000229
Qualified in Suffolk County
My Commission Expires February 02, 2027

FILED: NASSAU COUNTY CLERK 07/28/2023 12:27 PM

NYSCEF DOC. NO. 1

INDEX NO: 611992/2023

RECEIVED NYSCEF: 07/28/2023

INDEX NO.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

JESSICA HALPERN,

                                                    Plaintiffs,

                    -against-


AMAZON.COM INC.,

                                                    Defendant.
-------------------------------------------------------------------------------

## SUMMONS & VERIFIED COMPLAINT

**LAW OFFICES OF JONATHAN D. MANDELL**
**Attorneys for Plaintiff**
**29 Broadway**
**Lynbrook, New York 11563**
**(516) 599-8833**

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------------X

JESSICA HALPERN,                                            Index No.: 611992/2023

                Plaintiff,                  RESPONSE TO DEMAND
                                                           FOR AMOUNT OF
        -against-                              DAMAGES PURSUANT TO
                                                           CPLR 3017(C)
AMAZON.COM, INC.,

                Defendant.

-----------------------------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE, that in response to Demand for Amount of Damages Pursuant

to Section 3017 (c) dated November 30, 2023, disclosure is hereby made by plaintiff that:

        Plaintiff's demand for the total damages to plaintiff is in the amount of $1,000,000.00.

Dated: Lynbrook, New York
       December 21, 2023

                        Yours, etc.

                        By:_____

                            JONATHAN D. MANDELL
                      LAW OFFICES OF JONATHAN D. MANDELL
                      Attorneys for Plaintiff  JESSICA HALPERN
                      29 Broadway
                      Lynbrook, New York 11563
                      (516) 599-8833

TO:    SILLS, CUMMIS & GROSS, P.C.
        Attorneys for Defendant AMAZON.COM, INC.
        One Riverfront Plaza
        Newark, New Jersey  07102
        973-643-7000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )

)ss.:

COUNTY OF NASSAU )

  Patricia Krupka, being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at Oceanside, New York.

  That on the 21st day of December, 2023, deponent served the within ***RESPONSE TO DEMAND FOR AMOUNT OF DAMAGES PURSUANT TO CPLR 3017 (C)*** on:

  SILLS, CUMMIS & GROSS, P.C.
  Attorneys for Defendant AMAZON.COM, INC.
  One Riverfront Plaza
  Newark, New Jersey  07102
  973-643-7000
  aschwartz@sillscummis.com

  The addressees designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State.

               _____
               PATRICIA KRUPKA

Sworn to before me this
21st day of December, 2023.

Notary Public/BURNS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU0000229
Qualified in Suffolk County
My Commission Expires February 02, 2027

INDEX NO.: 611992/2023
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

JESSICA HALPERN,

                                                                    Plaintiff,

                        -against-


AMAZON.COM, INC.,

                                                                    Defendant.


### RESPONSE TO DEMAND FOR AMOUNT OF DAMAGES
### PURSUANT TO CPLR 3017(C)


**LAW OFFICES OF JONATHAN D. MANDELL**
**Attorneys for Plaintiff**
**JESSICA HALPERN**
**29 Broadway**
**Lynbrook, New York 11563**
**(516) 599-8833**